We'll hear next in 23-496 Cassidy v. New York State Insurance Fund Act. Oh, you got to take your sign down. Yeah. Here we go. Mr. Cassidy, are you able to see and hear us? Yes, I am, Your Honor. Thank you. Very well. You may proceed when you're ready. This is a case about... Go ahead. Sorry, I just wanted to see you. Five minutes. Go right ahead. All right. This is a case about invoking a bill of attainder on the insurance fund and the workers' compensation boards carrying out of their policies in New York State. As early as 1810 U.S. 87, it was held that no state shall pass any bill of attainders, post facto law, or a law impairing the obligation of contracts. The bill of attainder may affect the life of an individual or may confiscate his property or both. I've had both happen to me. The Supreme Court, Haywood v. Brown, 566-729, found that under New York law, plaintiffs in the court of claims must comply with a 90-day notice requirement. Court of Claims Act are not entitled to a jury trial, have no right to attorney's fees, and may not seek putative damages or injunctive relief. Okay, that is the type of court relief that the state would have you believe is constitutionally viable in a 1983 action. By the way, the Supreme Court found that that was not viable action. This case has been around for eight years. I was 33... I wish I was 30. I was 73 when this started. I'll be 81 in about 24 days, okay? The first judge on this case is now the senior judge for the Northern District of New York. She found, in an opinion rendered on the 23rd of January, 2020, the availability of an Article 78 proceeding may satisfy procedural due process requirements when the state conduct in question is random and unauthorized. However, where the plaintiff alleges a deprivation pursuant to an established state procedure, the state can predict when it will occur and is in position to provide a pre-deprivation hearing. Under the circumstances, the availability of post-deprivation procedures will not, if so facto, satisfy due process. And it is due process that I am complaining against. Nixon versus the Administration of General Services sets their requirements for obtaining a bill of attender. Under our cases, bills of attender require two elements. First, a specific delegation of persons or groups as subjects of the legislation. And second, a Garland-Cummings-Lubbock-Bowen type arbitrary deprivation, including deprivation of property rights without notice, trial, or other hearing. I have had never had a hearing in the eight years of this. The five minutes you have given me is the first time I could talk to a judge. I am a member of a group. We're called noncompliant people. How did I get to be noncompliant? An insurance agent and a representative of the New York State Insurance Fund, without my knowledge, without ever notifying me to this date, took $2,000 worth of premiums that I had paid into the New York State Insurance Fund and gave them to somebody. I don't know who. What happened was... I can't find the papers. Okay, here we go. The insurance agent fired something called a court cancellation request. She asked that the policy which had been reviewed on the 16th of March 2016, 16th of April, excuse me, be rescinded. She never signed the piece of paper. The agent paced the paper back to her and said, hey, you've got to do better than that. She came back and said, okay, let's cancel this policy as of 8-28-2015, a year earlier. I had paid premiums, I had done claims, and all of a sudden my insurance was gone with never a hearing. Never a hearing or an 80-cent stamp to tell me about it to this date. Bang. I would ask the court to declare the way the government of the State of New York administers the NYSF and the WCB's penalty policies be struck down as bills of a changer. All right, thank you, Mr. Cassidy.  May it please the court, Alexandria Twine on behalf of the state defendants. I'd like to correct one factual issue from Mr. Cassidy's testimony, which is that he was not declared noncompliant by NYSF as a result of someone giving away his money, and he never had a policy in his name that was canceled by the state. In fact, the only policy that ever existed in this case belonged to Richard Harker. And so the only policy that was eventually canceled by NYSF was the policy of Richard Harker because Mr. Harker no longer owned a business. As a result, there was no rescinding of a policy that belonged to Mr. Cassidy. This is the first time here on oral argument that Mr. Cassidy has discussed his bill of a changer claim. As we indicated in our brief, these claims have been essentially abandoned. But even if this court were to consider them, they would fail for the reasons that the district court already found, that those claims are untimely. They were brought more than three years after the statute of limitations had expired. And because he has failed to plausibly allege any of the elements of the claim, he does not allege that there's a statute that singles him out, and the only statute in this case is from 1922, which long predates this litigation. I'm happy to answer any questions the court has. Otherwise, we would rest on our brief. Thanks. Thank you, counsel. All right. The matter is submitted. We appreciate the argument of both sides.